IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CASE NO. 2:20-CR-22-WKW |
| ) | [WO] |
| JIMMY ALLEN MONK       ) | |

**ORDER**

On May 27, 2020, Defendant Jimmy Allen Monk's sentencing hearing commenced with testimony and evidence received on Mr. Monk's objections to the presentence investigation report ("PSR"). The court recessed and took the objections under advisement. On July 10, 2020, in a written opinion, Mr. Monk's objections to the loss amount under § 2B1.1(b) of the Sentencing Guidelines and for restitution were sustained as to the loans to Real Island Investments, LLC, in the amount of $253,088.27.[1] At the court's directive, the probation officer amended the PSR; the parties were permitted seven days to submit objections to the PSR; and the sentencing hearing was set to conclude on July 29, 2020. (Doc. # 34, at 25.)

The Government filed objections to the amended PSR. The Government again objects to the loss amount, arguing for the second time that PrimeSouth Bank ("PrimeSouth") suffered a loss in the amount of $253,088.27 from the loans to Real

---

[1] The other objections to the restitution amount were deferred until the later hearing on restitution.

Island Investments, LLC, notwithstanding the court's ruling to the contrary.  It also filed a notice of an extended sentencing hearing, contending that it intends to present additional witness testimony and that more evidence "has come to light since the first sentencing hearing" to support the loss amount.  (Doc. # 35.)  The Government states that it has conferred with PrimeSouth's chief executive officer (David Baggett) and senior lender (Clay Peters) and represents that their statements contradict Mr. Monk's sworn testimony at the sentencing hearing.  (Objections to amended PSR.)

Additionally, at the sentencing hearing, there was testimony and discussion among counsel about an alleged cease-and-desist order issued by the Federal Deposit Insurance Corporation ("FDIC") against PrimeSouth.  (Doc. # 33, at 25, 72, 82, 90, 101, 106.)  At the sentencing hearing, neither counsel for the Government nor Defendant had a copy of an FDIC cease-and-desist order, and they were not sure whether such an order was included in the thousands of pages of discovery.  (Doc. # 33, at 113–14.)  After sentencing, the Government learned that the FDIC and PrimeSouth had entered into a Memorandum of Understanding ("MOU") on December 18, 2009, and that there was not a cease-and-desist order.  (*See* Doc. # 37.) The MOU and its attachments have been filed under seal and carefully reviewed by the court.  (Doc. # 43.)

After the sentencing hearing, the court resolved the Government's objection in a 25-page written opinion. The Government now in effect moves (but without a formal motion) to reopen the objections portion of the sentencing hearing to reargue the loss amount and to present evidence that it could have offered, but did not offer, at the May 27 sentencing hearing. The request is untimely and, thus, will be denied.

The Government has been investigating this case at least since 2017 (Doc. # 33, at 70), having amassed 10,000-plus pages of discoverable documents.[2] It has known about the date set for the sentencing hearing since February 20, 2020. (Doc. # 15.) Prior to the hearing, the Government knew the substance of Mr. Monk's objections to the original PSR and knew it had the burden of proving the loss attributable to Mr. Monk by a preponderance of the evidence with "reliable and specific evidence." *United States v. Annamalai*, 939 F.3d 1216, 1235 (11th Cir. 2019) (citation and internal quotation marks omitted).

At the sentencing hearing, the court placed no restrictions on the presentation of evidence on the objections. *See generally* Fed. R. Crim. P. 32. The Government—presumably as a matter of strategy—relied solely on the witness testimony of the current case agent with the Federal Bureau of Investigation ("FBI"). It chose not to present witness testimony or even proffers from PrimeSouth officials,

---

[2] The record indicates, at a minimum, government investigations, audits, or other involvement by the FBI, the FDIC, the Alabama State Banking Department, and the United States Attorney's Office.

such as Mr. Baggett and Mr. Peters. Now faced with a ruling unfavorable to its position, the Government seeks a second bite at the apple to amass and present evidence, presumably live witness testimony, that was readily available prior to the May 27 sentencing hearing.[3]

To the extent that the Government contends that there is factual error in the record based upon the testimony and representations concerning an FDIC cease-and-desist order, the court notes that the FDIC and PrimeSouth entered into a MOU and will amend its written opinion. The timing of the MOU—December 18, 2009—and its content generally are consistent with Mr. Monk's testimony as to what he recalled being a cease-and-desist order and coincides with the revocation of his lending authority, as well as with his description of the overall condition of PrimeSouth during the relevant time.[4] (*See* Doc. # 33, at 90 (testifying that the FDIC issued a cease-and-desist order to PrimeSouth either in 2009 or in 2010); *see* Doc. # 33, at 103 (testifying that he lost his lending authority in 2009 or 2010).) Whether it was

---

[3] Should the court reopen testimony on the objections, it would be inviting rebuttal from Mr. Monk resulting in a mini-trial. Moreover, at 146 pages, the MOU itself invites hours of questions on direct and cross examination, and new issues only tangentially related to these proceedings if at all.

[4] The Government proffers that the MOU expired in June 2010. (Doc. # 37, at 4.) Whether or not that is accurate, the MOU consisted of 146 pages, inclusive of exhibits, and contained or resulted in significant and lasting changes to the organization and operation of the bank that would have continued well past any "termination" date. The permanent removal of Mr. Monk's lending authority is just one example.

an MOU or a cease-and-desist order does not affect the ultimate outcome of the court's ruling on Mr. Monk's objections.

Based on the foregoing, at the continuation of the sentencing hearing to be held on July 29, the court, in its discretion, will not permit the introduction of additional evidence or argument on the calculation of loss under U.S.S.G. § 2B1.1(b) or on the amount of restitution as pertains to the loans to Real Island Investments, LLC, in the amount of $253,088.27. The Government has not shown cause for reopening this sentencing issue that the court has conclusively resolved. The Government has been provided a full and fair opportunity to prove the alleged loss of $253,088.27, and it failed to meet its burden by a preponderance of the evidence.

SO ORDERED this 28th day of July, 2020.

                                                    /s/ W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE